UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cv-00430-MOC

| | |
|---|---|
| **KANISHA ERWIN, o/b/o L.M., a minor,** )<br>)<br>Plaintiff, )<br>)<br>Vs. )<br>)<br>)<br>)<br>**CAROLYN W. COLVIN, Acting Commissioner of** )<br>**Social Security,** )<br>)<br>Defendant. ) | MEMORANDUM OF DECISION<br>AND ORDER DISMISSING<br>ACTION |

**THIS MATTER** is before the court upon plaintiff's pro se Motion for Summary Judgment and the Commissioner's Motion for Summary Judgment. Having carefully considered such motions and reviewed the pleadings, the court enters the following findings, conclusions, and Order.

**FINDINGS AND CONCLUSIONS**

**I.    Administrative History**

Plaintiff filed an application for disability benefits on behalf of her newborn child, "L.M." More specifically, on August 4, 2014, plaintiff filed an application for child's Supplemental Security Income (SSI) payments based on disability. She alleged that LM became disabled during his birth on June 19, 2014, because of a brachial plexus injury to his left arm. Administrative Record (hereinafter "A.R.") at 152, 186, 196. Plaintiff's application was denied initially and upon

1

reconsideration A.R. at 82, 93. Plaintiff then requested a hearing before an Administrative Law Judge (hereinafter "ALJ").

The ALJ held a hearing on May 4, 2015, at which LM and his mother appeared and his mother testified. A.R. at 56-73. On May 28, 2015, the ALJ issued a decision finding that LM was not disabled. A.R. at 33-51. Plaintiff requested Appeals Council review, and on July 22, 2015, the Appeals Council denied plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. A.R. at 1-5. Plaintiff timely filed this civil action seeking judicial review pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## II.    Factual Background

It appearing that the ALJ's findings of fact are supported by substantial evidence, the undersigned adopts and incorporates such findings herein as if fully set forth. Such findings are referenced in the substantive discussion which follows.

## III.    Standard of Review

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not *de novo*, Smith v. Schwieker, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Richardson v. Perales, supra. A court will "affirm the Social Security Administration's disability determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence."

2

Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015) (internal quotation marks omitted). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." Pearson v. Colvin, ___ F.3d ___, No. 14-2255, 2015 WL 9204335, at *3 (4th Cir. Dec. 17, 2015) (citation and internal quotation marks omitted). A court is not, however, to "reweigh conflicting evidence[] [or] make credibility determinations" in evaluating whether a decision is supported by substantial evidence; rather, "[w]here conflicting evidence allows reasonable minds to differ," a reviewing court will defer to the Commissioner's decision. Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks omitted).

Where it appears that the ALJ has not adequately explained their findings, courts should engage in an independent review of the facts to determine whether the ALJ's conclusion is supported by the record. Radford v. Colvin, 734 F.3d 288 (4th Cir. 2013). Where an ALJ relies on boilerplate language and does not adequately explain a determination, the decision is "devoid of reasoning," which renders the task of deciding whether the ALJ's decision is supported by substantial evidence impossible. Id. at 295. In sum, it is not appropriate for a court to review the medical record *de novo* to discover facts to support or refute the ALJ's findings. Id. at 296.

## IV.    Substantial Evidence

### A.    Introduction

The court has read the transcript of plaintiff's administrative hearing, closely read the decision of the ALJ, and reviewed the extensive exhibits contained in the administrative record. The issue is not whether a court might have reached a different conclusion had he been presented

with the same testimony and evidentiary materials, but whether the decision of the administrative law judge is supported by substantial evidence. The undersigned finds that it is.

B.     **Sequential Evaluation Where the Claimant is a Child**

Where, as here, the claimant is under 18 years old, that person will be considered disabled if the claimant has a medically determinable physical or mental impairment that results in "marked and severe functional limitations," and that can be expected to result in death, or that has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(C)(i); 20 C.F.R. § 416.906. The regulations define the statutory standard of "marked and severe functional limitations" as "a level of severity that meets, medically equals, or functional equals the listings." 20 C.F.R. § 416.902; *see also* 20 C.F.R. §§ 416.906, 416.924(a), 416.926a(a); 20 C.F.R. pt. 404, subpt. P, app. 1 (the Listing of Impairments). The Commissioner has developed a specific sequential evaluation process for determining whether a child claimant is disabled or not disabled. 20 C.F.R. § 416.924. This is a three-step process which requires a child or his guardian to show:

(1)    that he is not working;

(2)    that he has a "severe" impairment or combination of impairments; and

(3)    that his impairment or combination of impairments is of listing-level severity, that is, the impairment(s) meets or medically equals the severity of a set of criteria for an impairment in the listings, or functionally equals the listings.

See 20 C.F.R. § 416.924. If a child claimant is not working and has a severe impairment, the fact-finder must determine if the child's impairment(s) meets or medically equals an impairment in the listings. 20 C.F.R. §§ 416.924(a)-(d). If the child's impairment(s) does not meet or medically equal

4

a listed impairment, the fact-finder then must determine if the child's impairment(s) is functionally equivalent to the listings. 20 C.F.R. § 416.924(d); *see also* 20 C.F.R. § 416.926a (discussing functional equivalence).

For the child's impairment(s) to functionally equal the listings, the child's impairment(s) must result in "marked" limitations in two domains of functioning or an "extreme" limitation in one domain. 20 C.F.R. §§ 416.926a(a) and (d). A claimant has a "marked" limitation in a domain when his impairment(s) interferes seriously with his ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(2). In assessing functional equivalence, the fact-finder considers the child's functioning in terms of six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for himself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1).

### C. The Administrative Decision

The final decision in this matter was the ALJ's determination that LM was not disabled under the Act. Review of that decision reveals that the ALJ applied the three-step sequential evaluation process as discussed above for evaluating claims made on behalf of children for SSI benefits. A.R. at 20-30).

At step one, the ALJ found LM had not engaged in substantial gainful activity since the application date, August 4, 2014. A.R. at 36.

At step two, the ALJ found that LM's history of brachial plexus injury was a severe impairment within the meaning of the Act. A.R. at 36.

At step three, the ALJ found that LM did not have an impairment or combination of impairments that met or medically equaled any of the Listings. The ALJ specifically considered Childhood Listing 101.02 for major dysfunction of a joint, Listing 101.08 for soft tissue injury, and Listing 111.06 for motor dysfunction due to any neurological disorder. A.R. at 37. The ALJ further found that LM's condition did not functionally equal any listed impairment.

In particular, in making the determination at the third step of the process, the ALJ found that LM had: no limitation in acquiring and using information; no limitation in attending and completing tasks; no limitation in interacting and relating with others; less than a marked limitation in moving about and manipulating objects; no limitation in the ability to care for himself; and less than a marked limitation in health and physical well-being. A.R. at 45-50. Based on those determinations, the ALJ concluded that LM was not disabled under the law. A.R. at 51.

**D.  Discussion**

**1.  Plaintiff's Assignments of Error**

Read in a light most favorable to claimant, plaintiff has made the following assignments of error:

1. The ALJ incorrectly stated that Christopher Adair was LM's diagnosing doctor, when in fact, Kelly Vanderhave diagnosed LM.

2. The ALJ did not consider whether "disability medical insurance" would have been more beneficial to LM than Medicaid.

3. Plaintiff has submitted additional evidence and implicitly contends such evidence is new and material.

Plaintiff's assignments of error will be discussed *seriatim*.

## 2. First Assignment of Error

Plaintiff first contends that the ALJ incorrectly stated that Christopher Adair was LM's diagnosing doctor, when in fact, Kelly Vanderhave diagnosed LM . The court has reviewed the both the decision of the ALJ and the evidence it references and it appears that both Dr. Vanderhave and Dr. Adair diagnosed LM's condition as both doctors signed the August 27, 2014, progress note, a piece of evidence the ALJ discussed in great detail in the administrative decision. A.R. at 40-41 and 284-285. The court finds no merit to this argument.

Substantively, plaintiff may be contending that such alleged error points to some lack of close consideration of the medical evidence by the ALJ. Indeed, what plaintiff may well be trying to express is that she and L.M. saw Dr. Vanderhave at the office and that it was, therefore, that doctor who made the diagnosis. Reading such assignment of error in that manner, the court has reviewed the decision of the ALJ and finds no support for an argument that the ALJ was careless in rendering the determination. As discussed above, it appears that the ALJ did precisely what an ALJ is supposed to do: consider the medical evidence and testimony and determine whether the claimant is entitled to benefits. Neither the administrative decision nor the transcript of the hearing indicate that the ALJ abandoned his duty to deeply delve into the evidence. As the Court of Appeals for the Fourth Circuit has long held, the "duty of explanation is always an important aspect of the administrative charge…."
Hammond v. Heckler, 765 F.2d 424, 426 (4th Cir. 1985) (citations omitted).

Where a claimant is proceeding without representation before the ALJ, he or she is "entitled to the sympathetic assistance of the ALJ to develop the record, to 'assume a more active role' and

to adhere to 'heightened duty of care and responsibility.'" Crider v. Harris, 624 F.2d 15, 16 (4th Cir.1980) (quoting Livingston v. Califano, 614 F.2d 342, 345 (3d Cir.1980)). The Fourth Circuit has held that "the ALJ has a duty to explore all relevant facts and inquire into the issues necessary for adequate development of the record, and cannot rely on the evidence submitted by the claimant when that evidence is inadequate." Cook v. Heckler, 783 F.2d 1168, 1173 (4th Cir.1986). The regulations controlling the Commissioner's actions on claims provide that where a claimant's medical records are "inadequate" to determine the existence of a disability, the Commissioner is obligated to seek supplemental information and re-contact the claimant's treating physicians to see if such information can be obtained. 20 C.F.R. § 416.912(e)(1).

When such a case progresses to judicial review, this court ultimately considers whether prejudice to the claimant has been shown. Marsh v. Harris, 632 F.2d 296, 300 (4th Cir. 1980). Prejudice to the claimant is established where "the [Commissioner's] decision 'might reasonably have been different had that evidence been before her when her decision was rendered.'" Sims v. Harris, 631 F.2d 26, 28 (4th Cir.1980) (quoting King v. Califano, 599 F.2d 597, 599 (4th Cir.1979)); see also Ripley v. Chater, 67 F.3d 552, 557 n. 22 (5th Cir.1995) ("Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision.").

This is, however, the wrong case for plaintiff to assert that the Commissioner failed to develop the record. Indeed, the paper record consists of nearly 500 pages. The court has read the transcript of the administrative hearing and it is readily apparent that the ALJ took an active role in developing and questioning Ms. Erwin. For example, the ALJ specifically questioned Ms.

Erwin on her testimony that LM could not grasp and bring objects to his mouth when the reports from the physical therapist indicated that LM was using the impacted arm for a number of tasks. See A.R. at 64-66.

As discussed briefly above, the ALJ clearly considered the extensive materials and discussed at length the interplay between the records, the testimony at the hearing, and the impact of those impairments on LM's activities of daily living at Step Three. Without doubt, this ALJ fully complied with his requirements to provide plaintiff with a meaningful, probing hearing and thorough development of the evidence.

   **3.  Second Assignment of Error**

The ALJ did not consider whether "disability medical insurance" would have been more beneficial to LM than Medicaid. The ALJ is charged with evaluating whether LM's condition meets the requirements for entitlement to child's SSI Payments, which is what plaintiff applied for in this case. The ALJ is not required to consider whether a different form of public assistance might be more beneficial to a claimant. There simply is no merit to this argument on this appeal.

   **4.  Third Assignment of Error**

Plaintiff has submitted additional evidence, which the court interprets to be a contention that such evidence is new and material and that it would support her request for remand. The sixth sentence of 42, United States Code, Section 405(g) provides:

> The court may, . . . at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Secretary shall, after the case is remanded,

and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or his decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based.

Id. In Wilkins v. Secretary, Dep't of Health & Human Servs., 953 F.2d 93 (4th Cir. 1991),[1] the Court of Appeals for the Fourth Circuit held that evidence is new if it "is not duplicative or cumulative," and is material "if there is a reasonable possibility that the new evidence would have changed the outcome." Id., at 96. See also Borders v. Heckler, 777 F.2d 954, 955 (4th Cir. 1985). While it appears that such evidence is new in that much of it was generated after the ALJ issued his May 28, 2015, decision, it does not appear that there is a reasonable possibility that had such evidence been available to the ALJ there would have been a different outcome. Indeed, the evidence submitted simply restates the evidence that was in front of the ALJ, to wit, that LM had a brachial plexus injury that limited his ability to use his left arm and hand.

## E. Conclusion

The undersigned has carefully reviewed the decision of the ALJ, the transcript of proceedings, plaintiff's motion and brief, the Commissioner's responsive pleading, and plaintiff's assignments of error. Further, the court has read plaintiff's pro se pleadings in a light most favorable to her and to LM. Review of the entire record reveals that the decision of the ALJ is supported by substantial evidence. See Richardson v. Perales, supra; Hays v. Sullivan, supra.

---

[1] While the appellate court in Wilkins was addressing whether the Appeals Council properly addressed evidence which the claimant represented as new and material, the undersigned finds the Wilkins definitions instructive and appropriate in the circumstances presented by this case.

Finding that there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Richardson v. Perales, supra, plaintiff's Motion for Summary Judgment will be denied, the Commissioner's Motion for Summary Judgment will be granted, and the decision of the Commissioner will be affirmed.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the

(1)  decision of the Commissioner, denying the relief sought by plaintiff, is **AFFIRMED**;

(2)  plaintiff's Motion for Summary Judgment (#16) is **DENIED**;

(3)  Commissioner's Motion for Summary Judgment (#19) is **GRANTED**; and

(4)  action is **DISMISSED**.

## Advice as to Appellate Rights

In accordance with Wilder v. Chairman of the Central Classification Bd., 926 F.2d 367, 371 (4th Cir.) ("while not mandated, the preferable practice is to include a statement to all final orders involving *pro se* litigants setting forth the litigants' appellate rights"), cert. denied, 502 U.S. 832 (1991), plaintiff is hereby advised of the right to appeal this decision to the Court of Appeals of the Fourth Circuit in the manner described in Rule 3, Federal Rules of Appellate Procedure, by filing a Notice of Appeal with the Clerk of this Court within the time prescribed in Rule 4, Federal Rules of Appellate Procedure, which is **60 days** from entry of this Order (because defendant is a United States Officer sued in her official capacity). Fed.R.App.P. 4(a)(1)(B)(iii). Failure to file a

Notice of Appeal within the time allowed requires the filing of a motion for extension of time and a notice of appeal within the 30-day period after such time for appeal. Fed. R. App. P. 4(a)(5). See United States ex rel. Leonard v. O'Leary, 788 F.2d 1238, 1240 (7th Cir. 1986). Finally, plaintiff is advised that she can file such an appeal without prepayment of the filing fee as this court earlier determined she qualified for in forma pauperis status Order (#3) and nothing in this court's consideration of this action indicates that such status has changed or that her action was brought in anything other than good faith.

Signed: March 31, 2016

Max O. Cogburn Jr
United States District Judge